USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/11/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------ X
INTERNATIONAL HOUSE, individually and on    :
behalf of all others similarly situated,    :
                                            :
                               Plaintiff,   :
                                            :
                   -against-                :
                                            :
CONSOLIDATED EDISON COMPANY OF              :
NEW YORK, INC.                              :
                                            :
                              Defendant.    :
------------------------------------------------------------ X
```

22-CV-8705 (VEC)

OPINION AND ORDER

VALERIE CAPRONI, United States District Judge:

Plaintiff is suing Defendant, which provides utility services to customers in New York, for overbilling its customers, not offering adequate refunds or credits, and refusing to provide interest on overpayments in violation of tariff terms. *See generally* Am. Compl., Dkt. 24.[1] Plaintiff alleges that the Court has subject-matter jurisdiction based on the Class Action Fairness Act of 2005 ("CAFA"), *see id.* ¶¶ 26–27, which allows plaintiffs to sue in federal court with only minimal diversity; CAFA is not available, however, if at least two thirds of the proposed class and the primary defendant are citizens of the forum state. Because Defendant is a New York company serving New York customers pursuant to New York tariffs, the Court ordered Plaintiff to show cause why this case should not be dismissed for lack of subject-matter jurisdiction. *See* Order to Show Cause, Dkt. 26.[2] For the following reasons, the Court does not have subject-matter jurisdiction; this case is DISMISSED without prejudice.

---

[1] Plaintiff alleges breach of contract, breach of implied contract, breach of implied covenant of good faith and fair dealing, violation of New York General Business Law § 349, and unjust enrichment. *See generally* Am. Compl., Dkt. 24.

[2] At the time the Court issued the order to show cause, Defendant had already moved to dismiss for lack of subject-matter jurisdiction, and Plaintiff had already amended its Complaint in response to Defendant's motion. *See* Dkts. 20–25. Plaintiff has, therefore, had ample opportunity to address the issue of subject-matter jurisdiction.

## BACKGROUND[3]

International House ("Plaintiff") is a nonprofit corporation based in New York.  Am.

Compl. ¶¶ 17–18.  Consolidated Edison Company of New York, Inc. ("Defendant") is a New

York corporation based in New York.  *Id.* ¶ 20.

Defendant provides electric and gas services to approximately 4.5 million customers in

New York City and Westchester County, and steam service to approximately 1700 customers in

Manhattan.  *Id.* ¶¶ 21–22.  Defendant provides utility services pursuant to the terms and

conditions of tariffs (the "Tariffs") filed with the New York Public Service Commission.  *Id.*

¶ 33.  The Tariffs allow Defendant to issue estimated monthly bills for its services under certain

circumstances.  *Id.* ¶¶ 35–42.  Customers who receive estimated bills are often overcharged.  *Id.*

¶ 43.

Defendant audits customer billings; if it learns that it overbilled or incorrectly billed a

customer, it revises the bill downward and provides a credit or refund.  *Id.* ¶ 45.  Even when

Defendant learns that it has overbilled a customer, however, it almost never provides interest on

the overpayment.  *Id.* ¶ 46.  The Tariffs provide that Defendant will pay interest if an

overpayment was erroneously made due to Defendant's "own mistake."  *Id.* ¶ 56.

---

Although exceptions to federal subject-matter jurisdiction under CAFA are "not jurisdictional," *Gold v. N.Y. Life Ins. Co.*, 730 F.3d 137, 141–42 (2d Cir. 2013), and it is "the party seeking to avail itself of an exception to CAFA jurisdiction" that "bears the burden of proving the exception applies," *Hess v. Bed Bath & Beyond Inc.*, No. 21-CV-4099 (JLR), 2023 WL 404384, at *6 (S.D.N.Y. Jan. 25, 2023) (quoting *Anirudh v. CitiMortgage, Inc.*, 598 F. Supp. 2d 448, 451 (S.D.N.Y. 2009)), the Court may raise an exception to CAFA jurisdiction *sua sponte* because it is a form of abstention, *see Adams v. W. Marine Prods., Inc.*, 958 F.3d 1216, 1224 (9th Cir. 2020) (affirming the district court's decision to dismiss based on one of CAFA's exceptions, which the court raised "on its own"); *Miller v. Syracuse Univ.*, No. 21-CV-1073 (LEK), 2023 WL 2572937, at *12–13 (N.D.N.Y. Mar. 20, 2023) (discussing the "mandatory" nature of the home state exception and considering its application *sua sponte*); *Lucker v. Bayside Cemetery*, 262 F.R.D. 185, 188–90 (E.D.N.Y. 2009) (declining jurisdiction based on one of CAFA's exceptions even though defendants "[did] not [seek] to invoke any of CAFA's exceptions").

[3]     The Court treats the facts alleged in the Amended Complaint as true for the purposes of this decision, *see Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), and also considers the parties' declarations and exhibits, *see J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004); *Hess*, 2023 WL 404384, at *6.

According to Plaintiff, Defendant could implement an internal auditing system capable of identifying overpayments within thirty days of billing but chooses not to so that it can benefit from its use of the customers' overpayments.  *Id.* ¶¶ 59–62.  Defendant does not pay interest on overpayments "except in very narrow circumstances;" those circumstances purportedly apply to almost no customers.  *Id.* ¶ 61.[4]

Plaintiff brings this case on behalf of "[a]ll" of Defendant's customers who, from October 13, 2016 through February 1, 2023: (1) received more than two consecutive estimated bills that resulted in overcharges; (2) did not receive a credit or refund within 30 days of the overcharge; and (3) were not provided interest on the overbilled amount (the "Class").  *Id.* ¶¶ 67–72. Defendant's customers include "any customer that receives electric, gas, and/or steam utility services from [Defendant] at a property in New York City or Westchester County."  *Id.* ¶ 73. The Class includes entities incorporated in a state other than New York and with principal places of business outside of New York state.  *Id.* ¶ 27.

Defendant's customers provide Defendant with a service address and, in some cases, a different billing address.  Flagiello Decl., Dkt. 22, ¶ 5.  Because Defendant only serves properties in New York City and Westchester County, every service address is located in the state of New York.  *Id.* ¶ 6.  As of the second half of 2022, about 97.4 percent of Defendant's current customers had mailing addresses within the state of New York.  *Id.* ¶ 7.  Plaintiff filed this action on October 13, 2022.  *See* Compl., Dkt. 1.

---

[4]       Defendant overcharged Plaintiff $72,663.60 during a fifteen-month period.  Am. Compl. ¶¶ 64–65. Although Defendant revised those bills, it did not do so within thirty days of overcharging Plaintiff and did not pay any interest.  *Id.* ¶ 66.

**DISCUSSION**

Because at least two of CAFA's exceptions to federal subject-matter jurisdiction apply in this case, the Court lacks jurisdiction.

### I.      Legal Standard

Under CAFA, federal subject-matter jurisdiction exists in cases with "no fewer than 100 members of the plaintiff class, minimal diversity, and $5 million in controversy." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006). The minimal diversity requirement is met if "at least one plaintiff and one defendant are citizens of different states." *Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 142 (2d Cir. 2014) (internal quotation marks omitted).[5]

Two exceptions to federal jurisdiction under CAFA are at issue in this case.

First, under the so-called "home state exception," a district court "shall decline to exercise jurisdiction" if two-thirds or more of the proposed class members and the primary defendants are citizens of the state in which the action was originally filed. 28 U.S.C. § 1332(d)(4)(B); *see also Gold v. N.Y. Life Ins. Co.*, 730 F.3d 137, 139 (2d Cir. 2013).

Second, under the so-called "discretionary exception," a district court "may, in the interests of justice and looking at the totality of the circumstances," decline to exercise jurisdiction over a class action in which more than one third but less than two thirds of the putative class members, and the primary defendants, are citizens of the state in which the action

---

[5]      The parties do not dispute that Plaintiff established the initial requirements for federal subject-matter jurisdiction under CAFA at this stage. The Court agrees. *See id.* ¶¶ 8, 20, 26–27, 74 (alleging that Defendant is a New York corporation based in New York; that at least 2.25 million of Defendant's customers have been overbilled at least once during the past six years; that the matter in controversy exceeds $5 million; and that the class includes entities incorporated or based outside of New York); Steifman Decl., Dkt. 29-1, ¶ 4 (declaring that three putative class members are incorporated outside of New York); *Mecalf v. TransPerfect Translations Int'l, Inc.*, No. 19-CV-10104 (ER), 2022 WL 4661926, at *11 (S.D.N.Y. Sept. 30, 2022) (noting that a complaint's allegation that the amount in controversy exceeded $5 million "create[d] a presumption" that the amount-in-controversy requirement had been met); *Green v. SweetWorks Confections, LLC*, No. 18-CV-902 (LTS), 2019 WL 3958442, at *2 (S.D.N.Y. Aug. 21, 2019) (concluding that the plaintiff established a "reasonable probability" that the Court had subject-matter jurisdiction under CAFA at the pleading stage). Defendant, therefore, bears the burden of establishing that an exception to jurisdiction applies.

was originally filed.  28 U.S.C. § 1332(d)(3) (listing factors to be considered including whether

the claims "involve matters of national or interstate interest"; whether the claims will be

governed by laws of the state in which the action was filed; and whether the number of putative

class members who are citizens of the state in which the action was filed is "substantially larger"

than the number of putative class members from any other state); *see also Sorrentino v. ASN*

*Roosevelt Ctr., LLC*, 588 F. Supp. 2d 350, 357–58 (E.D.N.Y. 2008).

      The party seeking to avail itself of an exception to CAFA jurisdiction has the burden of

proving, by a preponderance of the evidence, that the exception applies.  *See Hess v. Bed Bath &*

*Beyond Inc.*, No. 21-CV-4099 (JLR), 2023 WL 404384, at *6 (S.D.N.Y. Jan. 25, 2023); *Ramirez*

*v. Oscar De La Renta, LLC*, No. 16-CV-7855 (RA), 2017 WL 2062960, at *7 (S.D.N.Y. May 12,

2017).

    **II.**    **Application**

      The Court does not have federal subject-matter jurisdiction over this case because

Defendant has met its burden to assert the home state exception.  Because the parties do not

dispute that Defendant is a citizen of New York, Defendant needs to establish only that two

thirds or more of the putative class members are New York citizens for the home state exception

to apply.

      Defendant easily satisfies that requirement.  As a preliminary matter, Defendant only

services properties in New York.  *See* Am. Compl. ¶¶ 21–22; Flagiello Decl. ¶ 6.  Although

some of Defendant's customers may live elsewhere and have only a second home in New York

or may be entities incorporated and based in states other than New York, over 97 percent of

Defendant's customers have New York billing addresses.  *See* Flagiello Decl. ¶ 7.

      Courts may make "reasonable assumptions" when assessing the applicability of CAFA's

jurisdiction exceptions, *see Commisso v. PriceWaterhouseCoopers LLP*, No. 11-CV-5713

(NRB), 2012 WL 3070217, at *4 (S.D.N.Y. July 27, 2012) (collecting cases); it is reasonable to

assume that the vast majority of individuals and entities would choose to receive bills where they

are domiciled, *see Serrano v. Bay Bread LLC*, No. 14-CV-1087 (TEH), 2014 WL 4463843, at *3

(N.D. Cal. Sept. 10, 2014) (concluding that CAFA's home state exception applied in part

because 99.7% of putative class members had California mailing addresses); *Simmons v. Ambit

Energy Holdings, LLC*, No. 13-CV-6240 (JMF), 2014 WL 5026252, at *1, 3 (S.D.N.Y. Sept. 30,

2014) (concluding that CAFA's local controversy exception, which also only applies if two

thirds or more of the class members are citizens of the forum state, was triggered in part because

putative class members purchased electricity for residential services in New York).[6]

Reinforcing the Court's common-sense conclusion, even Plaintiff was unable to identify

a single putative class member that is certainly not a New York citizen.  Although Plaintiff

identified three entity class members *incorporated* outside of New York, its declaration in

response to the Court's order questioning subject-matter jurisdiction does not include any facts

regarding the principal places of business or members of those entities, which may well be based

in New York.[7]  *See* Steifman Decl. ¶ 4; *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) ("[A]

---

[6]        The cases Plaintiff cites for the assertion that "a New York mailing address is not proof of New York
citizenship" are readily distinguishable. Pl. Mem., Dkt. 29, at 7 (citing *Gibson v. Bartlett Dairy, Inc.*, No. 20-CV-
2848 (NGG), 2022 WL 784746, at *3–4 (E.D.N.Y. Mar. 15, 2022) (holding that CAFA's home state exception was
not established based on proof that 69.5 percent of putative class members, tens of millions of whom could have
been commuters or visitors, *purchased products* in New York rather than reporting New York addresses); *Hart v.
Rick's NY Cabaret Int'l, Inc.*, 967 F. Supp. 2d 955, 964–66 (S.D.N.Y. 2014) (holding that CAFA's home state
exception was not established based on proof that 71 percent of the putative class members' last known addresses
were in New York when the class was comprised of short-term employees, some of whom had left the defendant's
employment years before the action began); *Sorrentino v. ASN Roosevelt Ctr., LLC*, 588 F. Supp. 2d 350, 356
(E.D.N.Y. 2008) (holding that CAFA's discretionary exception did apply when a plaintiff proffered forwarding
addresses of putative class members who at one time lived in New York, some of whom moved years before the
action began; because 43.6 percent of the potential class had New York forwarding addresses, the Court concluded
that more than one third of the putative class members *were* New York citizens).

[7]        The exhibits attached to Defendant's opposition to Plaintiff's response suggest that the two corporations
Plaintiff proffers as foreign citizens have principal places of business in New York, which would make them New
York citizens.  *See* SL Green Realty Corp. Form 10-K, Dkt. 31-1, at 1 (listing a New York address as the company's
"principal executive offices"); Equinox Holdings Inc. Website, Dkt. 31-2, at 1 (identifying Hudson Yards in

Case 1:22-cv-08705-VEC   Document 32   Filed 04/11/23   Page 7 of 8


corporation shall be deemed to be a citizen of any State by which it has been incorporated *and of the State where it has its principal place of business*.") (quoting 28 U.S.C. § 1332(c)(1)); *Jaser v. N.Y. Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 242 (2d Cir. 1987) (stating that the citizenship of unincorporated associations is determined by the citizenship of each of its members).

Even if only one third of the putative class were comprised of New York citizens, the Court would decline to exercise jurisdiction under CAFA's discretionary exception.[8]  This case is about a New York company's alleged practice of overbilling New York customers for utility services solely provided in New York pursuant to Tariffs filed with New York's Public Service Commission in contravention of New York law.  This is exactly the type of local case that Congress envisioned would remain in state court.  *See Kurovskaya v. Project O.H.R., Inc.*, 251 F. Supp. 3d 699, 704 (S.D.N.Y. 2017) (remanding a CAFA action "grounded on New York State law, involving New York-based parties" and of "state, rather than national or interstate, interest"); *Lucker v. Bayside Cemetery*, 262 F.R.D. 185, 190 (E.D.N.Y. 2009) (remanding a CAFA action involving New York claims with New York defendants who entered into New York contracts involving services in New York).

---

Manhattan as the location of its corporate headquarters).  Plaintiff never filed a reply to address whether its purported examples of foreign class members are in fact foreign.

Plaintiff also mentions in its Amended Complaint Google, Facebook, Amazon, and "numerous foreign banking entities" as examples of non-New York entities, but at no point does Plaintiff allege that these entities are part of the putative class.  *See* Am Compl. ¶ 27.  Although Plaintiff could conceivably establish that fewer than one third of the putative class members are New York citizens if the class were restricted to entities, the putative class includes Defendant's residential customers, the overwhelming majority of whom (like most Americans) do not have second homes, and who, in any event, would likely not have a New York billing address if the service address were not the domicile of the customer.

[8]     Because Plaintiff has failed to show that jurisdictional discovery is likely to establish that fewer than one third of the putative class members are New York citizens, the Court declines to order jurisdictional discovery.  *See Haber v. United States*, 823 F.3d 746, 753 (2d Cir. 2016) (noting that a party is not entitled to jurisdictional discovery if the requested discovery is "not likely to produce the facts needed" to establish jurisdiction) (internal quotation marks and citation omitted).

## CONCLUSION

For the foregoing reasons, this case is DISMISSED without prejudice for lack of subject-matter jurisdiction.  The Clerk of Court is respectfully directed to close the case.

**SO ORDERED.**

**Date:  April 11, 2023**
       **New York, NY**

_____
              **VALERIE CAPRONI**
           **United States District Judge**